# In the United States Court of Federal Claims

No. 21-1037C

(Filed: March 31, 2021)

**NOT FOR PUBLICATION**

|  |  |  |
|---|---|---|
| THOMAS PHILLIP BELL, | ) | |
| | ) | Pro Se Complaint; <u>Sua</u> <u>Sponte</u> |
| Plaintiff, | ) | Dismissal for Lack of |
| | ) | Jurisdiction; RCFC 12(h)(3); |
| v. | ) | Transfer Not Warranted. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF DISMISSAL

Currently before the court are plaintiff's complaint, ECF No. 1, filed on February 24, 2021; and his application to proceed in forma pauperis, ECF No. 7, filed on March 22, 2021. Because the court lacks jurisdiction over the claims asserted, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.   Background

On February 24, 2021, plaintiff filed a pro se complaint alleging that police and campus officers stationed at Indiana University-Purdue University Indianapolis (IUPUI) committed the following acts: "sexual Harrassment, illgal operation of traffic lights, Integrigation, Attemted murder of vehicular homicide, Hostage temp." ECF No. 1 at 1.

Plaintiff offers few factual allegations in support of his claims. In his statement of grounds for jurisdiction in this court, plaintiff states that "[w]hile I was a member to attend a swim race I tried to leave I was treated unfairly it was hostile toward me I very polite about the situation I just know what to do." <u>Id.</u> Plaintiff's statement of the claim reads, in its entirety, as follows:

> I feel it was unequal in every way & i did not get and lawyer come seek justice like as if I was jailed lawyers come to me then but not now when i should win sometimes as Native and a Arican male born in the USA that is equal to me IU campus and swim for US master's held a wrongful illimination against me at that time was not true . . . .

Id. at 2.

Plaintiff is seeking "$30,000.00," but does not state the constitutional provisions, statutes, or regulations that allegedly entitle him to damages. Instead, plaintiff states that he is "happy enough to leave or buy a home in Indianapolis, IN. For protection purposes. And back to swim as a member at IUPUI campus." Id. at 3. Plaintiff states that he "did nothing wrong" and that he "also ha[s] a case about [his] situation why it occurred." Id.

II.     Legal Standards

The court acknowledges that "[p]ro se petitioners are not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, the court has reviewed plaintiff's complaint carefully to ascertain whether, given the most favorable reading, any of plaintiff's claims support jurisdiction in this court.

This court is one of limited jurisdiction. The Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

As the Tucker Act "does not create any substantive right enforceable against the United States for money damages," United States v. Testan, 424 U.S. 392, 398 (1976), a plaintiff asserting a claim before this court "must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages" against the United States. Khan v. United States, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000)); see also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").

2

III.    Analysis

    A.    The Court Lacks Subject Matter Jurisdiction in this Case

After a careful review of plaintiff's complaint, the court concludes that it lacks subject matter jurisdiction over it. As an initial matter, plaintiff fails to cite any money-mandating constitutional provisions, statutes, or regulations in support of his claims. As stated above, it is well-settled that, to invoke this court's Tucker Act jurisdiction, a claimant must show that his claim arises from a federal constitutional, statutory, regulatory, or contractual provision that provides damages for its breach. See Testan, 424 U.S. at 399; Fisher, 402 F.3d at 1172 (stating that "in order to come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages"). Where, as here, a plaintiff fails to do so, the court must dismiss the complaint for lack of subject matter jurisdiction. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (affirming dismissal of plaintiff's suit for lack of jurisdiction where he "did not identify any substantive right, founded upon either a money mandating statute or the Constitution, which might form the basis for his claim").

Moreover, any clams that are discernible in the complaint fall outside the court's jurisdiction.[1] Plaintiff's claim that he has been subjected to sexual harassment, to the extent it would be governed by Title VII of the Civil Rights Act of 1964, cannot be adjudicated here. Bernard v. United States, 59 Fed. Cl. 497, 502 (2004). And, even if this court interpreted plaintiff's sexual harassment claim as a tort claim, it would lack jurisdiction to consider the allegations. See Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."). Similarly, plaintiff's claim for attempted murder appears to raise either a tort or a criminal claim, neither of which this court can hear. See Campbell v. United States, 229 Ct. Cl. 706, 707 (1981) (stating that this court has no criminal jurisdiction); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 (stating that this court has no jurisdiction over tort claims).

In addition, plaintiff does not assert claims against the United States; he asserts claims against the Indianapolis police department, the IUPUI campus police, and an unspecified "District Court." ECF No. 1 at 1. This court does not have jurisdiction over any of these entities, and accordingly cannot adjudicate claims lodged against them. See

---

[1]    The court is unable to determine what legal theories plaintiff meant to allege by his claims for "illigal operation of traffic lights, Integrigation, . . . [and] Hostage temp." ECF No. 1 at 1. To the extent these claims sound in tort or criminal law, however, they are likewise outside this court's purview. See Rick's Mushroom Serv., Inc., 521 F.3d at 1343; Campbell, 229 Ct. Cl. at 707.

Anderson v. United States, 117 Fed. Cl. 330, 331 (2014) (stating that this court lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself") (citing United States v. Sherwood, 312 U.S. 584, 588 (1941)).  To the extent that plaintiff challenges any decisions rendered by a federal district court, the court similarly lacks jurisdiction to review them.  See Joshua, 17 F.3d at 380 (stating that this court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts").

Accordingly, plaintiff has not alleged any claims over which this court is authorized to exercise jurisdiction.

B.   Transfer of this Case is Not Appropriate

Because plaintiff's complaint is not within this court's jurisdiction, the court must consider whether transfer to a court with jurisdiction is appropriate.  Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631, which states, in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . .

Id.  Here, plaintiff's complaint includes so few factual allegations that the court is unable to determine whether transfer would serve the interests of justice in this case, or to which court a transfer would be made.  As such, the court concludes that transfer is not warranted.

IV.   Conclusion

The complaint in this case must be dismissed for lack of subject matter jurisdiction.  Accordingly, plaintiff's application to proceed in forma pauperis, ECF No. 7, is **GRANTED** for the limited purpose of determining this court's jurisdiction.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge